A. M. NORTH *v.* W. T. HAGGIN'S ADMR.

**Statute of Limitations—Renewal of Notes—Usury.**

A substitution of new notes for old ones, where none of the principal is paid, is a continuance of the loan, and the statute of limitations will not bar a recovery of any usury paid thereon.

**Bills and Notes—Purchaser for Value—Sale of Notes.**

Haggins made application of Fry to secure for him $5,000. Brent conducted negotiations. Fry sought and secured the money from one W. W. North, son of and agent for A. M. North. The notes of Haggins were made to and endorsed by Brent, and delivered to W. W. North. Held to be a loan of money and not a sale of notes to A. M. North.

APPEAL FROM LOUISVILLE CHANCERY COURT.

February 21, 1866.

A suit was filed by an administrator to settle the estate of W. T. Haggins. Among the liabilities were notes aggregating $4,200, given by Haggins to appellant North. The evidence was that in 1856 Haggins applied to W. W. Fry, attorney, to secure for him $5,000.00. This application was made by T. Y. Brent for Haggins. Fry was the attorney and advisory counsel of appellant, and sought and secured the loan through W. W. North, son and agent of appellant, the notes and mortgage being made to T. Y. Brent, and endorsed by him over to the appellant. Notes were executed, one for $5,000.00 without interest, and ten for $250.00 each, payable semi-annually, and bearing interest at 10 per cent. All of these latter notes were paid at maturity, but before the due date of the large note, Haggins applied for an extension of five years. The old note and mortgage was cancelled and new notes and a mortgage was executed, the notes being one for $250.00 and nine

for $500.00 each, payable semi-annually, a payment of $250.00 cash having been made. Notes bear interest at ten per cent.

The administrator seeks to cancel such of these latter notes, as will amount to the usury, as shown in the transaction. A commissioner's report showed usury of $1,520.00, which was purged. From a decree of the chancellor, sustaining the report of the commissioner, this appeal is prosecuted.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The facts conduce to show a loan of money and not a sale of notes. And the ten notes for $250 each, payable semi-annually, were evidently given for ten per cent interest on the loan of $5,000 for five years.

The last contract seems to have been only an extension of the loan at the same rate of interest, and we are unable to see in it anything like a purgation of usury.

And, as the principal of the original loan was not paid and the new notes were substituted for prolonging the loan, the statute of limitations did not bar a recovery of any of the usury which had been paid.

Nor can we judicially know that the payments were made in a depreciated currency of less value than that which was loaned; nor can we presume, without either allegation or proof, that, if the payments were made in a paper medium, it was not voluntarily accepted at its nominal value. And we do know that according to a late decision by this court, the appellant cannot, while that decision shall stand as the law of the State, be compelled to accept, for the principal she loaned, any thing but gold or silver at its standard value.

Consequently we perceive no error in the judgment for reclamation of four per cent usury—paid on the continuous loan.

Wherefore, the judgment is affirmed.